1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11  JIMMY SIMEONA MALO,                    CASE NO. 13-CV-02449
12                          Petitioner,    **ORDER GRANTING
                                           RESPONDENT'S MOTION**
13       vs.                               **TO DISMISS PETITION FOR
                                           WRIT OF HABEAS CORPUS**
14                                         **AND ADOPTING
                                           MAGISTRATE JUDGE'S**
15  CYNTHIA TAMPKINS, Warden, et           **REPORT AND
    al.,                                   RECOMMENDATION**
16
                            Respondents.
17
18
19
20          On October 2, 2013, Petitioner Jimmy Simeona Malo ("Petitioner"), a state
21  prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28
22  U.S.C. § 2254.  (Doc. No. 1.)  On January 7, 2014, Respondent Warden Cynthia
23  Tampkins ("Respondent") filed a motion to dismiss.  (Doc. No. 14.)  On April 23,
24  2014, the magistrate judge issued a report and recommendation that the Court grant
25  Respondent's motion to dismiss. (Doc. No. 17.) On May 19, 2014, Petitioner filed his
26  objection to the report and recommendation. (Doc. No. 18.) For the following reasons,
27  the Court grants Respondent's motion to dismiss and adopts the magistrate judge's
28  report and recommendation.

## I. Background

On October 16, 2006, Petitioner was charged with three charges of attempted murder and three charges of assault with a deadly weapon on a police officer. On November 2, 2006, a jury acquitted Petitioner of these charges but convicted him of the lesser included offenses of one count of attempted voluntary manslaughter and three counts of assault with a firearm on a peace officer. (Lodgment No. 4, People v. Malo, No. D051302, slip. op. at 5 (Cal. Ct. App. Dec. 2, 2008).) The Superior Court of San Diego County sentenced him to eleven years and eight months in prison plus $10,000 in restitution. (Id. at 6; Doc. No. 1 at 2.)

On March 19, 2008, Petitioner appealed his convictions to the California Court of Appeal. (Lodgment No. 1, Appellant's Opening Brief, People v. Malo, No. D051302 (Cal. Ct. App. Dec. 2, 2008).) On December 2, 2008, the court of appeal affirmed the judgment of the Superior Court of San Diego County. (Lodgment No. 4, People v. Malo, No. D051302, slip. op. at 1.) On January 12, 2009, Petitioner filed a petition for review with the California Supreme Court. (Lodgment No. 5, Petition for Review, People v. Malo, [No. S169639] (Cal. Feb. 25, 2009).) On February 25, 2009, the California Supreme Court denied the petition for review. (Lodgment No. 6, People v. Malo, No. S169639, order (Cal. Feb. 25, 2009).)

On December 5, 2012, Petitioner filed his first petition for writ of habeas corpus in the San Diego County Superior Court. (Lodgment No. 7, Malo v. People, No. HCN 1265 (Cal. Super. Ct. filed Dec. 5, 2012) (petition for writ of habeas corpus at 3, 5, 6).) The petition alleged ineffective assistance of counsel, the imposition of an illegal sentence enhancement, and prosecutorial misconduct. (Id.) On December 28, 2012, the Superior Court denied the petition. (Lodgment No. 8, In re Malo, No. HCN 1265, order at 3 (Cal. Super. Ct. Dec. 28, 2012).) On January 28, 2013, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on the same grounds raised in his petition to the superior court. (Lodgment No. 9, Malo v. People, [No. D063360] (Cal. Ct. App. filed Jan. 28,

13cv02449

1   2013) (petition for writ of habeas corpus at 3, 5, 6).)  On March 7, 2013, the

2   California Court of Appeal denied the petition.  (Lodgment No. 10, In re Malo, No.

3   D063360, order at 2 (Cal. Ct. App. Mar. 7, 2013).)  On April 24, 2013, Petitioner

4   filed a petition for writ of habeas corpus with the California Supreme Court alleging

5   ineffective assistance of counsel, an illegally enhanced sentence, and an illegal

6   restitution fine.  (Lodgment No. 11, Malo v. People, No. S210290 (Cal. Filed Apr.

7   24, 2013) (petition for writ of habeas corpus at 3, 6, 7).)  On June 12, 2013, the

8   California Supreme Court denied the petition.  (Lodgment No. 12, In re Malo, No.

9   S210290, order (Cal. June 12, 2013).)  On September 25, 2013, Petitioner filed his

10  federal petition in the District Court for the Southern District of California making

11  the same arguments based on ineffective assistance of counsel, Petitioner's sentence

12  enhancement, and Petitioner's restitution fine.  (Doc. No. 1).

13       On January 7, 2014, Respondent filed a Motion to Dismiss and Notice of

14  Lodgment.  (Doc. Nos. 14, 15.)  Respondent's motion argues that (1) Petitioner's

15  claims based on his sentencing enhancement and restitution fine fail to state a claim

16  because they are not based on federal constitutional rights; (2) procedural default

17  bars relief on Petitioner's claims based on his sentencing enhancement and

18  restitution fine; and (3) all of Petitioner's claims are untimely.  (Doc. No. 14-1 at 10,

19  11, 15.)  In his Opposition, Petitioner claims that (1) his claims based on his

20  sentencing enhancement and restitution fine are premised on his constitutional

21  rights, (2) his claims are not procedurally defaulted because he has shown cause and

22  prejudice for his delay in raising them in state court and (3) his claims are timely

23  because he is entitled to statutory and equitable tolling.  (Doc. No. 16. at 1-8.)  On

24  April 23, 2014, the magistrate judge issued a report and recommendation to dismiss

25  the petition for writ of habeas corpus.  (Doc. No. 17.)

26  //

27  //

28  //

## II. Legal Standards

### A. Legal Standard of Review Under AEDPA

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." Id.

A federal court may review a petition for writ of habeas corpus by a person in custody following a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id.; accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged and for whom belated liberation is little enough compensation." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed his petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Indeed, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. Federal habeas relief is available, but only if the result of a federal claim the state court adjudicated on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1) and 2254(d)(2).

A federal court may grant habeas relief under the "contrary to" clause of §
2254(d)(1) if a state court either "applies a rule that contradicts the governing law
set forth in [the United States Supreme Court's] cases" or "confronts a set of facts
that are materially indistinguishable from a decision of [the] Court and nevertheless
arrives at a result different from [the Court's] precedent." <u>Early v. Packer</u>, 537 U.S.
3, 8 (2002); <u>see also</u> <u>Williams</u>, 529 U.S. at 405-06 (distinguishing the "contrary to"
and the "unreasonable application" standards). "[R]eview under 28 U.S.C. §
2254(d)(1) is limited to the record that was before the state court that adjudicated
the claim on the merits." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011).

A federal court may grant habeas relief under the "unreasonable application"
clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule
from [the Supreme] Court's cases but unreasonably applies it to the facts of the
particular state prisoner's case." <u>Williams</u>, 529 U.S. at 407. A federal court may
also grant habeas relief "if the state court either unreasonably extends a legal
principle from [Supreme Court] precedent to a new context where it should not
apply or unreasonably refuses to extend that principle to a new context where it
should apply." <u>Id.</u> The state court's "unreasonable application" of binding
precedent must be objectively unreasonable to the extent that the state court
decision is more than merely incorrect or erroneous. <u>Wiggins v. Smith</u>, 539 U.S.
510, 520-21 (2003) (citation omitted); <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63,
75-76 (2003).

Additionally, even if a state court decision is contrary to United States
Supreme Court precedent or rests on an unreasonable determination of facts in light
of the evidence, the petitioner must show that such error caused substantial or
injurious prejudice. <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (quoting <u>Brecht</u>,
507 U.S. at 637-38); <u>see</u> <u>Fry v. Pliler</u>, 551 U.S. 112, 121-22 (2007). AEDPA
creates a highly deferential standard toward state court rulings. <u>Woodford v.
Viscotti</u>, 537 U.S. 19, 24 (2002); <u>see</u> <u>Womack v. Del Papa</u>, 497 F.3d 998, 1001 (9th

13cv02449

Cir. 2007).

**B. Statute of Limitations under AEDPA**

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his conviction is final to file a petition for writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d). A federal petition for writ of habeas corpus may be dismissed with prejudice when it was not filed within one year. Jiminez v. Rice, 276 F.3d 478, 483 (9th Cir. 2001). The statute of limitations is a threshold issue that must be resolved before the merits of individual claims. White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002).

The purpose of AEDPA's one year statute of limitations is to uphold the finality of state judgments and reduce delay in federal proceedings. See Duncan v. Walker, 533 U.S. 167, 179 (2001). AEDPA's statute of limitations effectively "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." Day v. McDonough, 547 U.S. 198, 205 (2006) (quoting Acosta v. Artuz, 221 F.3d 117, 122 (2nd Cir. 2000)).

**C. Standard for Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 686 (1984), the United States Supreme Court recognized that "the right to counsel is the right to effective assistance of counsel." To prove ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 688. The petitioner must also prove he was prejudiced by demonstrating a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). In evaluating whether counsel's performance was deficient, "[j]udicial scrutiny of counsel's performance must be highly

deferential." <u>Strickland</u>, 466 U.S. at 689.  "<u>Strickland</u> places the burden on the [petitioner] to overcome the 'strong presumption' that counsel's performance was within the 'wide range of reasonable professional assistance' and might be considered 'sound trial strategy.'" <u>Carrera v. Ayers</u>, 670 F.3d 938, 943 (9th Cir. 2011) (quoting <u>Strickland</u>, 466 U.S. at 689).  To establish prejudice under <u>Strickland</u>, a petitioner must demonstrate that the attorney's error rendered the result unreliable or the trial fundamentally unfair.  <u>See, e.g.</u>, <u>Fretwell v. Lockhart</u>, 506 U.S. 364, 372 (1993).  If the court concludes that the petitioner fails to satisfy either component of the <u>Strickland</u> standard, it need not address the other.  <u>Stanley v. Schriro</u>, 598 F.3d 612, 619 (9th Cir. 2010) (citing <u>Strickland</u>, 466 U.S. at 697).

**III. Discussion**

### A. Statute of Limitations

Respondent argues that Petitioner's federal habeas petition is untimely because it was filed on September 25, 2013, more than three years after the statute of limitations imposed by 28 U.S.C. § 2244(d) expired on May 27, 2010.  (Doc. No. 14-1 at 8-9.)  In cases challenging a conviction, the statute of limitations begins to run once a petitioner's direct review becomes final. 28 U.S.C. § 2244(d)(1)(A).  Here, Petitioner's judgment became final on May 26, 2009, as this was ninety days after the California Supreme Court denied his petition for review.  <u>See</u> Cal. Sup. Ct. R. 13.  The statute of limitations therefore began to run on May 27, 2009, the day after the judgment became final, and expired one year later on May 27, 2010.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his federal habeas petition on September 25, 2013.  (Doc. No. 1.)  Accordingly, the petition is untimely by more than three years unless Petitioner is entitled to sufficient statutory or equitable tolling to make the petition timely.

### 1. Statutory Tolling

AEDPA establishes a one year statute of limitations for filing a federal habeas corpus petition.  <u>See</u> 28 U.S.C. § 2244(d).  That limitation is tolled, or suspended,

while "a properly filed application for State post-conviction or other collateral review . . . is pending" in the state courts. 28 U.S.C. § 2244(d)(2). "'[P]ending' covers the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." <u>Carey v. Saffold</u>, 536 U.S. 214, 214 (2002). This time "shall not be counted toward any period of limitations." <u>Id.</u> To be "properly filed" under this statute, an application must have been filed within the prescribed time limits. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000).

Respondent argues that, because Petitioner filed his 2012 and 2013 habeas corpus petitions over a year after the statute of limitations period had expired, statutory tolling is not available. (Doc. No. 14-1 at 16.)  Petitioner claims he is entitled to statutory tolling because his lawyer did not inform him about the process or how to preserve his right to habeas relief. (Doc. No. 16 at 5.)

Petitioner's statute of limitations expired on May 27, 2010.  He filed his first state habeas corpus petition with the San Diego Superior Court on December 5, 2012.  (Lodgment No. 7, <u>Malo v. People</u>, No. HCN 1265 (petition for writ of habeas corpus at 1).  A state petition for writ habeas corpus filed after the expiration of the statute of limitations period has no tolling effect. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").  This 2012 state habeas petition was filed over two years after the statute of limitations had expired in 2009.  The federal habeas petition was filed almost a year later in 2013.  As a result, statutory tolling is not applicable in this case.

### 2. Equitable Tolling

AEDPA's statute of limitations is also subject to equitable tolling. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (quoting <u>Pace v.</u>

1  DiGuglielmo, 544 U.S. 408, 418 (2005)).

2      Equitable tolling is unavailable in most cases, and "the threshold to trigger

3  equitable tolling is very high, lest the exceptions swallow the rule." Miranda v.

4  Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Therefore, equitable tolling is

5  available when "'extraordinary circumstances beyond a prisoner's control made it

6  impossible'" to file a petition on time.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th

7  Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

8  The failure to file a petition on time must be the result of external forces, not the

9  result of the petitioner's lack of diligence.  Miles v. Prunty, 187 F.3d 1104, 1107

10  (9th Cir. 1999).  "Determining whether equitable tolling is warranted is a 'fact

11  specific inquiry.'"  Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d

12  1144, 1146 (9th Cir. 2001)).

13      Petitioner claims he is entitled to equitable tolling.  (Doc. No. 16 at 4-8.)  He

14  asserts his attorney did not tell him how to preserve his right to petition for habeas

15  corpus.  (Id. at 5.)  Despite Petitioner's assertions, a pro se petitioner's lack of legal

16  sophistication is not an extraordinary circumstance that qualifies him for equitable

17  tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Next,

18  Petitioner claims he has a right to equitable tolling because he had limited access to

19  the law library due to his mandatory prison work assignment.  (Doc. No. 16 at 4-7.)

20  Yet, a prison work assignment is also not an extraordinary circumstance that entitles

21  a prisoner to equitable tolling.  See Chavez v. California, No. CV 13-0249 DSF

22  (JCG), 2013 WL 5651523, at *1 (C.D. Cal. Oct. 11, 2013) (holding that assigned

23  prison job did not constitute extraordinary circumstances).

24      Third, Petitioner argues that the Court should consider his petition despite the

25  expiration of the statute of limitations on a claim of actual innocence.  (Doc. No. 16

26  at 7-8 (citing McQuiggin v. Perkins, 133 S. Ct. 1924 (2013)).  An exception to the

27  one year statute of limitations applies if a petitioner raises "a convincing claim of

28  actual innocence."  McQuiggin, 133 S. Ct. at 1933-35.  Petitioner makes no such

claim in this case but merely asserts that "it is more likely than not that no reasonable juror" would have found him guilty if his trial counsel had not let in specific pieces of evidence.  (Doc. No. 16 at 7.)  This claim does not meet the McQuiggan standard, which demands a "fundamental miscarriage of justice" to allow the exception.  McQuiggan, 133 S. Ct. at 1931.  Equitable tolling therefore does not apply based on actual innocence doctrine.

Finally, Petitioner argues that the statute of limitations violates his constitutional rights under the First and Ninth Amendments.  (Doc. No. 16 at 8.) The Constitution requires prisoners to be given a "reasonably adequate opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement."  Lewis v. Casey, 518 U.S. 343, 356 (1996).  AEDPA's one year statute of limitations does not violate these constitutional rights, as prisoners still have a "reasonable opportunity to have their federal claims heard."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Petitioner had fair opportunity to file his federal claims with the Court in the one year time period provided by the AEDPA.  As a result, equitable tolling is not applicable in this case.

**B. Ineffective Assistance of Counsel**

Petitioner asks the Court to overturn his conviction based on ineffective assistance of counsel.  (Doc. No. 1 at 5-6.)

In Strickland v. Washington, 466 U.S. 668, 686 (1984), the United States Supreme Court recognized that "the right to counsel is the right to effective assistance of counsel."  To prove ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 688.  The petitioner must also prove he was prejudiced by demonstrating a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different.  Id. at 694.

Petitioner argues that his trial attorney, Ronald Lemieux, was ineffective in advising Petitioner to testify at trial, which he states resulted in the admission of

evidence of Petitioner's gang affiliation that would otherwise have been inadmissible.  (Doc. No. 1 at 5-6.)  Mr. Lemieux's decision to advise Petitioner to testify was reasonable under the circumstances.  Through his testimony, Petitioner offered his version of the events involved in this case.  (Lodgment No. 4, <u>People v. Malo</u>, No. D051302, slip op. at 4-5.)  Petitioner does not explain how he would have established a defense to the charges against him without testifying on his own behalf.  The fact that the jury acquitted Petitioner of the most serious charges suggests that his decision to testify was at least partly beneficial.  (<u>Id.</u> at 5-6.)

Thus, Petitioner does not state sufficient facts to establish that Mr. Lemieux's legal assistance fell below an objective standard of reasonableness.  Instead, Petitioner describes a reasonable tactical decision on the part of Mr. Lemieux.  <u>See, e.g.</u>, <u>Harrington v. Richter</u>, 131 S. Ct. 770, 789 (2011) ("Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach.") (quoting <u>Strickland</u>, 466 U.S. at 689).  Moreover, Petitioner does not plausibly explain how this decision prejudiced him, as the facts indicate that his testimony most likely helped him.  In its consideration of Petitioner's state habeas petition, the Superior Court of the State of California reached the same conclusion for similar reasons.  (<u>See</u> Lodgment No. 8, <u>In re Malo</u>, No. HCN 1265, order at 2-3 (Cal. Super. Ct. Dec. 28, 2012) ("Petitioner was acquitted of the most serious charges against him.  It seems unlikely that he would have been acquitted of the more serious offenses had he not testified.").)

"<u>Strickland</u> places the burden on the [petitioner] to overcome the 'strong presumption' that counsel's performance was within the 'wide range of reasonable professional assistance' and might be considered 'sound trial strategy.'"  <u>Carrera v. Ayers</u>, 670 F.3d 938, 943 (9th Cir. 2011) (quoting <u>Strickland</u>, 466 U.S. at 689).  Petitioner has not carried this burden.  Consequently, in addition to his failure to file his petition within AEDPA's one-year statute of limitations, Petitioner does not state a claim for ineffective assistance of counsel.

13cv02449

## C. Sentencing Enhancements

Petitioner argues that he was punished twice for the same conduct because a firearm enhancement was applied to his sentence for assault with a firearm.  (Doc. No. 1 at 5, 10.)  "Habeas corpus petitions must meet heightened pleading requirements . . . .  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Under Habeas Corpus Rule 2(c), a petitioner is required to "'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'"  Mayle v. Felix, 545 U.S. 644, 655 (2005); see also Robinson v. Hedpeth, No. cv 12-2084 JVS (SS), 2013 WL 618027, at *7 n.3 (C.D. Cal. Nov. 25, 2013) ("[T]he relevant federal rule requires that the Petition contain all of Petitioner's grounds for habeas corpus relief.").  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle, 456 U.S. at 120 n.19; see also Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994).

Respondent argues in her motion to dismiss that this assertion does not invoke the United States Constitution and that federal habeas corpus relief is therefore unavailable.  (Doc. No. 14-1 at 10-11.)  In his opposition, Respondent states that his argument based on his sentencing enhancements is rooted in the Double Jeopardy Clause of the Fifth Amendment and in the Fourteenth Amendment.  (Doc. No. 16 at 1-2.)

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person may "be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  The United States Supreme Court has ruled that the Double Jeopardy Clause does not apply to sentencing enhancements, nor does it "extend[] to noncapital sentencing proceedings" whatsoever.  Monge v. California, 524 U.S. 721, 724 (1998); United States v. Watts, 519 U.S. 148, 154 (1997) (per curiam); Witte v. United States, 515 U.S. 389, 398-99 (1995).  Thus, Petitioner does not state a claim under the Double Jeopardy Clause.

//

1    Petitioner does not elaborate on his argument that the sentencing
2    enhancement violates the Fourteenth Amendment.  (Doc. No. 16 at 1-2.)  Petitioner
3    therefore fails to state a claim for federal habeas corpus relief based on his
4    sentencing enhancement.

5    **D. Restitution Fine**

6    Finally, Petitioner alleges the trial court violated his Sixth Amendment rights
7    by imposing a $10,000 restitution fine.  (Doc. No. 1 at 11-12.)  Specifically, he
8    states that this fine is above the statutory minimum and that its imposition violated
9    his right to have a jury determine every factual element of any fine.  (Id. at 12.)

10   Respondent argues in her motion to dismiss that this assertion neither invokes
11   the United States Constitution nor requests Petitioner's release from custody.  (Doc.
12   No. 14-1 at 10-11.)  In his opposition, Petitioner states that his arguments pertaining
13   to the restitution fine are premised on his rights guaranteed by the Sixth and
14   Fourteenth Amendments.  (Doc. No. 16 at 2.)

15   In order to invoke federal habeas corpus jurisdiction, a prisoner must assert
16   that his custody violates federal law.  See 28 U.S.C.A. § 2254(a).  An imposition of
17   a fine "is not sufficient to meet § 2254's jurisdictional requirements."  Bailey v. Hill,
18   599 F.3d 976, 979 (9th Cir. 2010) (citing Williamson v. Gregoire, 151 F.3d 1180,
19   1183 (9th Cir. 1998).  Here, Petitioner challenges the restitution fine that the trial
20   court imposed on him, not "the very fact or duration of his physical imprisonment."
21   Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Therefore, Petitioner fails to state a
22   claim based on an illegal or improper fine.

23   //
24   //
25   //
26   //
27   //
28   //

13cv02449

1

**IV. Conclusion**

2          Petitioner's petition for writ of habeas corpus is not timely under AEDPA.

3    Even if it were not untimely, Petitioner fails to state a claim for federal habeas

4    corpus relief.  Accordingly, the Court grants Respondent's motion to dismiss and

5    adopts the report and recommendation.

6          **IT IS SO ORDERED.**

7    Dated: June 6, 2014

8                                                         _____

9                                                         MARILYN L. HUFF, District Judge

10                                                        UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28